FRED GRITTMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 16025. Promulgated March 21, 1928.

*Nelson E. Taylor, C. P. A.*, for the petitioner.
*W. H. Lawder, Esq.*, for the respondent.

OPINION.

MORRIS: The principal question raised by the first issue is whether the petitioner sustained a net loss from the operation of his business in the year 1921, and the amount thereof. The respondent did not deny the petitioner's right to the deductions now in controversey claimed in the return for that year but held that the loss shown on that return was not a net loss under section 204 of the Revenue Act of 1921 as the petitioner reported a net income from businesss. The petitioner contends that certain deductions were taken in schedule A of the 1921 return which should have been taken as business deductions. They consist of interest, $1,005, which was adjusted by the respondent to $1,239.41; taxes, $4,055.02, of the total deduction for taxes of $4,390.26; and bad debts of $2,920.51. He contends that further deductions of $5,569.25 auw $320.92, which were not taken in the 1921 return, are allowable deductions in computing the net loss for that year, the former for depreciation and the latter his propor-

tionate share of a partnership loss, which the records show to have been $314.94 instead of the amount claimed. The petitioner then contends that the net loss so determined should be applied against the net income for 1922 which, however, should first be reduced by depreciation sustained in that year which was not claimed in the original return but was claimed and allowed by the respondent on the basis of an amended return.

Section 204 of the Revenue Act of 1921 reads in part as follows:

(a) That as used in this section the term "net loss" means only net losses resulting from the operation of any trade or business regularly carried on by the taxpayer * * *; and when so resulting means the excess of the deductions allowed by section 214 or 234, as the case may be, over the sum of the following: * * *

(b) If for any taxable year beginning after December 31, 1920, it appears upon the production of evidence satisfactory to the Commissioner that any taxpayer has sustained a net loss, the amount thereof shall be deducted from the net income of the taxpayer for the succeeding taxable year; and if such net loss is in excess of the net income for such succeeding taxable year, the amount of such excess shall be allowed as a deduction in computing the net income for the next succeeding taxable year; * * *.

(c) The benefit of this section shall be allowed to the members of a partnership * * *.

Considering the deductions now claimed by the petitioner against the income from his business, the evidence is uncontroverted that the petitioner was not only engaged in the farming business on his own account but in connection with a partnership of which he was a member. In the operation of his business he paid interest of $1,239.41, taxes on property of $4,072.43, but in his petition claims only $4,055.02 of that amount and had bad debts of $2,920.51. He also sustained a loss through the operation of the partnership of $314.94. These amounts should be applied against the gross income from the operation of business for 1921 in determining his net loss under section 204 of the Revenue Act of 1921.

With respect to the depreciation deduction which petitioner failed to claim for 1921, the evidence shows the values and rates which have been used for 1919 and 1922, and we are now asked to use them to compute an allowance for 1921 upon the same depreciable assets. It is a well settled principle that the owner of depreciable assets is entitled to a deduction for exhaustion, wear and tear of those assets. *Appeal of Union Metal Manufacturing Co.*, 1 B. T. A. 395. We do not understand that the respondent has denied this principle; his position appears to be that no deduction therefor has ever been claimed by the petitioner. The question then resolves itself into one of computing the amount allowable upon the petitioner's depreciable assets.

The petitioner is claiming a depreciation for 1921 upon substantially the same values and at the same rates as claimed by him for

1919 and 1922 and allowed by the respondent. The testimony shows that the assets used during the three years were practically the same and none of them had been exhausted by reason of depreciation already claimed and allowed. We are therefore of the opinion that the depreciation of $5,569.25 claimed by the petitioner for 1921 is an allowable deduction and should be taken into consideration in determining the net loss for that year. After determining the net loss for 1921 by the adjustments hereinabove provided for, the resulting figure should first be reduced by the net income for 1922 in the amount of $338.58 and the remainder allowed as a deduction in computing the net income for 1923.

The second issue relates to a loss claimed on fifteen shares of the capital stock of the Sunflower Mining Co. which cost the petitioner $1,500. The facts show that this corporation's assets were sold for taxes in 1921 and that thereafter such assets were redeemed by the petitioner and other stockholders, but that the assets were again sold in 1923 because of the failure to meet the taxes and thereafter the charter was forfeited to the State. In view of these facts it is our opinion that the petitioner sustained a loss of $1,500 which he is entitled to deduct on his 1923 return. Cf. *Appeal of Milton H. Bickley*, 1 B. T. A. 544; *Appeal of John Anthony Barry*, 2 B. T. A. 1095.

> *Judgment will be entered on 15 days' notice, under Rule 50.*